IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER MASI and GRACE MASI, as parents of the deceased Ryan Masi, <br><br> Plaintiffs, <br><br> v. <br><br> JAMES HARRINGTON, <br><br> Defendant. | 23-cv-02132 <br><br> **JURY DEMANDED** |

## COMPLAINT

Plaintiffs Christopher Masi and Grace Masi, by their undersigned attorneys, complain against Defendant James Harrington as follows:

### Nature of the Case

1. In the early morning hours of September 19, 2021, Ryan Masi, who was just 25 years old, died after being unwittingly exposed to fentanyl—a deadly synthetic opioid which is more than 50 times stronger than heroin, and which is now the leading cause of drug-involved overdose deaths in the United States.

2. Plaintiffs, Christopher Masi and Grace Masi (collectively, "the Masis"), Ryan Masi's parents, bring this action pursuant to the Illinois Drug Dealer Liability Act, 740 ILCS 57/1, *et. seq.*, against Defendant James Harrington ("Harrington"), who purchased or otherwise obtained the fentanyl which ultimately led to Ryan Masi's death.

3. In the afternoon of September 19, 2021—more than 12 hours after Ryan Masi was exposed to the fentanyl which led to his overdose death—Harrington called 911, stating that he and his two friends—Ryan Masi and Michael Beaudin (who also died from exposure to

fentanyl)—had been poisoned by what Harrington described as cocaine. Harrington was eventually taken to the hospital and survived.

4. The powder which caused Ryan Masi and Michael Beaudin's deaths was tested by the Illinois State Police Forensic Services Crime Lab, which determined that the substance was not cocaine, as reported by Harrington, but was in fact pure fentanyl.

5. It remains unknown whether Harrington was aware that he was in possession of pure fentanyl—which is so powerful that less than 3 milligrams is considered a fatal dose to an adult male, yet the baggie tested from Harrington's apartment contained approximately 300 milligrams of the substance—or whether Harrington believed he possessed cocaine which turned out to be fentanyl. In either case, as a "person who knowingly partipate[d] in the illegal drug market within" the State of Illinois, Harrington is liable to the Masis under Section 20 of the Illinois Drug Dealer Liability Act. 740 ILCS 57/20.

## Parties, Jurisdiction and Venue

6. Plaintiffs Christopher Masi ("Christopher") and Grace Masi ("Grace") are the parents of the deceased Ryan Masi, and are residents of Atlanta, Georgia. The Masis are citizens of the State of Georgia pursuant to 28 USC § 1332(c)(1).

7. Defendant James Harrington is a resident of Chicago, Illinois. Harrington is a citizen of the State of Illinois pursuant to 28 USC § 1332(c)(1).

8. This Court has subject matter jurisdiction over this matter pursuant to 28 USC § 1332 because: (a) there is complete diversity of citizenship between the parties, and (b) the amount of controversy exceeds $75,000 exclusive of interest and costs.

9. Venue is appropriate in this District pursuant to 28 U.S.C. §1391(b)(2) as a substantial part of the events giving rise to this claim occurred within the District. The events

giving rise to Ryan Masi's death—including Ryan Masi's exposure to the fentanyl which caused his death, and, on information and belief, Harrington's procurement of the fentanyl which caused Ryan Masi's death—occurred in Chicago, Illinois.

### Factual Allegations

10. Ryan Masi and Michael Beaudin were both highly successful young men at the start of their careers. Ryan had recently graduated from Johns Hopkins University with a degree in chemistry and had just learned that he would be promoted at PharmaACE, the pharmaceutical company where he was a valued employee. See Exhibit 1. Ryan was living in Atlanta with his parents but moved to Chicago approximately three weeks prior to his death. Michael graduated from the University of Illinois Urbana-Champaign with a degree in computer engineering and had recently been promoted in his role at Microsoft. Neither Ryan nor Michael used illegal drugs, including cocaine, heroin, or fentanyl; this fact was confirmed after their deaths when a post-mortem drug screen revealed that neither had any illicit drugs in their system at the time of their death, other than the fentanyl which caused their deaths.

11. After this incident, the Masis learned that Harrington regularly used illegal drugs, including cocaine, in the weeks and months prior to September 19, 2021. For example, on September 3, 2021, Harrington sent a text message to Michael Beaudin which stated "might die. Just did a line on the el", meaning that he did a line of cocaine on the CTA "el" train. Exhibit 2. In June of 2021, Harrington referred to a table in his apartment as a "coke table" in a text message. Exhibit 3.

12. The Masis also obtained screenshots of Harrington's Venmo account, which showed transfers of funds between Harrington and his acquaintances which referenced "coffee" in the transaction description. Exhibit 4. "Coffee" is a known euphemism for heroin. Similarly, a

3

Venmo transaction between Harrington and his brother, Patrick Harrington, contains an emoji of skiing equipment. *Id.* "Skiing", "ski supplies", and other snow and ski related references are commonly used slang for cocaine. On information and belief, Harrington's Venmo history reflects his buying or selling drugs, including but not limited to cocaine and/or heroin.

13. On September 19, 2021, Ryan, Michael, and Harrington, who were high school classmates at Fenwick and remained friends, went out to dinner and to a local bar in Chicago. Just after midnight, the three returned to Harrington's apartment in Old Town.

14. Shortly after returning to the apartment, Ryan Masi and Michael Beaudin were exposed to pure fentanyl powder which caused both men to suffer an opioid overdose and pass away. Autopsies performed on both men determined that the cause of death was an acute opioid overdose.

15. Harrington woke up more than twelve hours later, in the afternoon of September 19, 2021, at which point he called 911 and stated that he and his friends had been "poisoned" after being exposed to what Harrington described as cocaine.

16. Chicago Police recovered a small pink baggie containing approximately 0.3 grams of an unknown white powder at the scene. Subsequent testing by the Illinois State Police Forensic Services Crime Lab determined that the substance was a mixture of fentanyl and para-Fluorofentanyl (which is a fentanyl analogue which is as powerful or more powerful than fentanyl itself). Harrington has refused to provide any information to the Masis, the Beaudins, or any of the agencies investigating this incident, including the Chicago Police Department.

17. Harrington was a user of illegal drugs and participated in the marketplace for cocaine and or heroin. Harrington supplied the pure fentanyl which directly led to Ryan Masi's death. It is unknown whether Harrington was aware that he possessed pure fentanyl powder, or

4

whether he was under the mistaken belief that he had cocaine. On information and belief, Harrington dealt drugs, including cocaine, and may have intended to cut the cocaine which he intended to sell with the fentanyl powder, and simply made a mistake and exposed Ryan and Michael to the pure fentanyl powder. In either case, as a "person who knowingly partipate[d] in the illegal drug market within" the State of Illinois, Harrington is liable to the Masis under Section 20 of the Illinois Drug Dealer Liability Act. 740 ILCS 57/20.

18. As a direct and proximate result of Defendant's conduct in violation of the Illinois Drug Dealer Liability Act, the Masis have suffered economic damages including but not limited to medical expenses, support expenses, and the loss of Ryan Masi's economic potential and future financial support and assistance, in an amount to be proven at trial but in excess of $75,000.

19. As a direct and proximate result of Defendant's conduct in violation of the Illinois Drug Dealer Liability Act, the Masis have suffered non-economic damages, including but not limited to severe emotional distress, mental anguish, and the loss of enjoyment, love, affection, companionship, and mental support, in an amount to be proven at trial but in excess of $75,000.

20. The scourge of illegal opioids, and specifically fentanyl, has wreaked havoc and caused immeasurable tragedy throughout the State of Illinois. By bringing this claim under the Illinois Drug Dealer Liability Act, the Masis are attempting to vindicate the purpose of the Act by shifting the damages caused by the illicit drug market back onto the parties who should actually bear those damages, and to pay respect to the memory of their son, Ryan Masi.

**Count I – Violation of the Illinois Drug Dealer Liability Act, 740 ILCS 57/1 *et. seq.***

21. Plaintiffs reallege paragraphs 1 through 20 herein.

22. The purpose of the Illinois Drug Dealer Liability Act "is to provide a civil remedy for damages to persons in a community injured as a result of illegal drug use". 740 ILCS 57/5. The

Act was intended to allow those injured persons—specifically including "parents" of persons directly injured by illegal drug use—to "recover damages from those persons in the community who have joined the illegal drug market." *Id.* The Act further seeks to "shift, to the extent possible, the cost of the damage caused by the existence of the illegal drug market in a community to those who illegally profit from that market" and to "establish the prospect of substantial monetary loss as a deterrent to those who have not yet entered into the illegal drug distribution market." *Id.*

23. Harrington is liable under Section 20 of the Act, which imposes liability upon anyone who "knowingly participates in the illegal drug market within this State…for civil damages as provided in this Act." 740 ILCS 57/20.

24. Plaintiffs are entitled to recover damages as a result of Harrington's violation of the Act. Section 25, "Recovery of damages", provides that "[a] parent, legal guardian, child, spouse, or sibling" may bring an action for damages caused by the use of illegal drugs. 740 ILCS 57/25(a).

25. Section 25 further provides that an injured party may bring a claim against any person who "knowingly distributed, or participated in the chain of distribution of, an illegal drug" that actually led to the harm to the individual exposed to the illegal drug(s). 740 ILCS 57/25(b).

26. As set forth herein, Harrington knowingly participated in the illegal drug market within the State of Illinois by purchasing and using cocaine and/or fentanyl. The illegal drugs that Harrington purchased were the direct and proximate cause of Ryan Masi's death and the damages suffered by the Masis as a result of Ryan Masi's death.

27. Having knowingly participated in the illegal distribution and use of the fentanyl which caused Ryan Masi's death, Harrington is liable to the Masis for damages under the Act.

28. Recoverable damages attributable to Harrington's violations of the Act include, but are not limited to, costs that have been or will be incurred for:

    a. economic damages, including, but not limited to, "medical expenses, loss of economic or educational potential…support expenses…and any other pecuniary loss proximately caused by the illegal drug use[.]" 740 ILCS 57/25(c)(1).

    b. non-economic damages, including but not limited to, "physical and emotional pain, suffering, physical impairment, emotional distress, mental anguish…loss of enjoyment, loss of companionship, services, and consortium, and other nonpecuniary losses proximately caused by" the illegal drug use. 740 ILCS 57/25(c)(2);

    c. "exemplary", or punitive damages; 740 ILCS 57/25(c)(3);

    d. reasonable attorney's fees (740 ILCS 57/25(c)(4)); and costs 740 ILCS 57/25(c)(5).

29. The Masis bring this action under the Illinois Drug Dealer Liability Act to hold Harrington civilly liable for the tragic harm caused by the procurement and use of dangerous illegal drugs, and in doing so, are vindicating the stated purpose of the Act to assess the costs of illegal distribution and use of controlled substances against the parties who participate in the illegal drug market in the State of Illinois.

WHEREFORE, Plaintiffs, Christopher and Grace Masi, respectfully request that this Court enter judgment in their favor and against Defendant James Harrington, and grant the following relief:

    A. Order Harrington to pay the Masis' economic and non-economic damages, in an amount to be proven at trial but in excess of $75,000.00, for injuries sustained as a result of Harrington's unlawful conduct as set forth herein,

including but not limited to medical, incidental, hospital, psychological care, and any other expenses; and for loss of earnings and earning capacity; and for severe emotional distress, mental anguish, and the loss of enjoyment, love, affection, companionship, and mental support;

B. For an award of the costs and expenses of suit, pre-and post- judgment interest, and reasonable attorney's fees as provided by law;

C. For an award of exemplary or punitive damages, as provided by law;

D. For funeral and burial expenses and all other wrongful death and survivorship damages as allowed by law; and

E. For any other relief that the Court deems equitable and just.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

                              CHRISTOPHER MASI
                              and GRACE MASI

                              By:    /s/ Peter S. Lubin
                                     One of their attorneys

| | |
|---|---|
| Peter S. Lubin | Terrence Buehler |
| Patrick Austermuehle | LAW OFFICES OF TERRENCE BUEHLER |
| LUBIN AUSTERMUEHLE, P.C. | 19 South LaSalle, Suite 702 |
| 17W220 22nd Street, Suite 410 | Chicago, IL. 60603 |
| Oakbrook Terrace, IL 60181 | (312) 371-4385 |
| 630-333-0333 | tbuehler@tbuehlerlaw.com |
| peter@l-a.law | |
| patrick@l-a.law | |

James Ryan
Jim Ryan and Associates Inc.
1555 Bond Street, Suite 103
Naperville, Illinois 60563
(630) 596-9400
jimryan@ryancrimlaw.com